C. A. 7th Cir. Certiorari denied.
Statement of Justice Stevens respecting the denial of the petition for writ of certiorari.
As I pointed out some years ago, one reason that dissents from the denial of certiorari should be disfavored is that they are seldom answered, and therefore may include a less than complete statement of the facts bearing on the question whether the case merits review.[1] The dissent in this case illustrates my *1059 point because it omits one extremely significant fact and discounts another.
Even though the first two lines of the monument’s text appear in significantly larger font than the remainder, they are ignored by the dissenters. Those lines read: “The Ten Commandments — I AM the LORD thy God.” The graphic emphasis placed on those first lines is rather hard to square with the proposition that the monument expresses no particular religious preference — particularly when considered in conjunction with those facts that the dissent does acknowledge — namely, that the monument also depicts two Stars of David and a symbol composed of the Greek letters Chi and Rho superimposed on each other that represent Christ.
Moreover, the dissent also gives short shrift to relevant details about the monument’s origins. At the dedication ceremony, three of the principal speakers were a Catholic priest, a Protestant minister, and a Jewish rabbi.[2] 235 F. 3d 292, 303 (CA7 2000). All three spoke not of the “‘“cross cultural . . . significance’”” of the Ten Commandments, post, at 1060 (opinion of Rehnquist, C. J.), but of the need for every citizen to adopt their precepts so as to obtain ‘“redemption from today’s strife and fear,’” 235 F. 3d, at 295. To dismiss that history in favor of a resolution issued by the Elkhart Common Council on the eve of litigation is puzzling indeed.
The reasons why this case is not one that merits certiorari are explained in detail in Judge Ripple’s thoughtful opinion for the Court of Appeals.

“One characteristic of all opinions dissenting from the denial of certio-rari is manifest. They are totally unnecessary. They are examples of the purest form of dicta, since they have even less legal significance than the orders of the entire Court which, as Mr. Justice Frankfurter reiterated again and again, have no precedential significance at all.
“Another attribute of these opinions is that they are potentially misleading. Since the Court provides no explanation of the reasons for denying certiorari, the dissenter’s arguments in favor of a grant are not answered and therefore typically appear to be more persuasive than most *1059 other opinions. Moreover, since they often omit any reference to valid reasons for denying certiorari, they tend to imply that the Court has been unfaithful to its responsibilities or has implicitly reached a decision on the merits when, in fact, there is no basis for such an inference.” Singleton v. Commissioner, 439 U.S. 940, 944-945 (1978) (Stevens, J., opinion respecting denial of certiorari).

 In planning the monument, representatives of Judaism, Protestantism, and Catholicism developed a nonsectarian version of the Ten Commandments. MaMng a religious text nonsectarian, however, does not make it secular or strip it of its religious significance.